Battle, J.
 

 The defendants’ counsel objects to the judgment of the Superior Court upon two grounds: First; because that Court issued, an order to the sheriff of the county; commanding
 
 *282
 
 him to summon a jury to lay
 
 off the
 
 road in question, instead of directing, by a writ of
 
 procodendo,
 
 the County Court to issue such order ; secondly, because the report
 
 of the
 
 jury showed that the road had not been laid out according to the provisions of the Revised Statutes, ch. 104, sec. 4. Neither of these objections is well founded. Ill the third section of the Act above referred to, which gives the right of appeal to any person who may be dissatisfied with the judgment, sentence or decree which the County Court may make upon a petition to lay out a public road, it is declared “ that the appeal so granted shall be subject to the same rules and regulations as in other cases from the County Courts to the Superior Courts ; and the said Superior Courts shall proceed to hear and determine the said petition, as shall appear right and expedient.” These words are clearly sufficient to give the Superior Courts jurisdiction to hear and determine all questions which may arise in the course of the proceedings on
 
 the petition, until
 
 the final judgment or decree confirming the report of the jury. If this were not so, two or more appeals from the County to the Superior Court might be necessary before the matter could be finally settled. But if the language of the Act above quoted admitted of any doubt, it is completely removed by the
 
 proviso
 
 which immediately follows
 
 :
 
 — u
 
 Provided nevertheless,
 
 that nothing in this Act contained shall authorize the Superior Court to interfere in fixing or regulating the rates of ferriage, tolls of bridges, or the distribution or allotments of hands to work under the overseers of the public roads.” This exception shows the full power of the Superior Court in all other respects. An order similar to the one here complained of was made by the Superior Court in
 
 Davis
 
 v.
 
 Hill, 11
 
 Ire. Rep. 9, without objection, though an appeal was taken to this Court from the judgment for costs.
 

 For the second objection, the cases of
 
 Leath
 
 v.
 
 Summers, 3
 
 Ire. Rep. 108, and
 
 Welch
 
 v.
 
 Piercy,
 
 7 Ire. Rep. 365, were cited. The first of these cases decides only, that in a petition to turn or change a public road, it must be alleged that the new road is necessary or would be useful to the public. Such an allegation is expressly made in the petition now before us. In
 
 Welch
 
 v.
 
 Piercy,
 
 it was held that the County Court had power to
 
 order
 
 a jury to lay out a public road, but could ,not itself lay it out; fur-
 
 *283
 
 tlier, that it has no power, except as to the
 
 termini,
 
 to direct the jury
 
 how
 
 the road shall run — that being the exclusive province of the jury. The order in our case directs the jury to lay out the road along the very route mentioned in the petition, and the report of the jury, though more particular in describing the line of the road which they had laid out, shows -that they commenced and terminated at the places designated as its
 
 termini,
 
 and that in all other respects they obeyed the injunctions of the order. What were the terms of the compromise made by the plaintiff and defendant, does not appear on the record. Whatever they may have been, it is not shown that they induced the jury to deviate from the general route of the road which they were commanded to lay out.
 

 There being no error in the judgment of the Superior Court, it must be affirmed, which will be certified according to law.
 

 Pee. Cum am. Judgment affirmed.